UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Pe Chi-A Vang, et al.,                                                  Civil No. 11-614 (JNE/FLN)

            Plaintiffs,

     v.                                                                  **ORDER & REPORT AND**
                                                                                     **RECOMMENDATION**

Cooper Tire & Rubber Company, et al.,

            Defendants.

___

Courtney A. Lawrence, Kyle W. Farrar and Dean Dovolas for Plaintiffs.
Anthony J. Novak and Alex Purvis for Defendant Cooper Tire & Rubber Company.
Robert T. Stich for Defendant HVH Auto Parts, Inc., d/b/a John's Auto.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 27, 2011 on Plaintiffs' Motion to Remand [#18]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends the motion be **GRANTED**.

## I.    BACKGROUND

This case arises out of an automobile accident that occurred on June 26, 2007. While Plaintiff Blong Vang was driving his 1990 Chevrolet conversion van at highway speeds, the right-front tire (the "Subject Tire") failed, causing the van to leave the road and roll over. (ECF No. 1 Attach. 1, Compl. ¶ 6.)[1] Plaintiffs Yee Yang and L.V. were passengers in the van and suffered

---

[1] Plaintiffs have filed a First Amended Complaint in federal court. However, when considering the propriety of removal, the Court must only consider the pleadings and record at the time of the

serious injuries. *Id.* Plaintiffs initiated this action in Minnesota state court. Plaintiffs assert claims of strict liability, negligence and breach of warranty against Defendant Cooper Tire & Rubber Company ("Cooper Tire") as the manufacturer of the Subject Tire and against Defendant HVH Auto Parts, Inc. d/b/a John's Auto ("John's Auto") as the seller of the Subject Tire. (ECF No. 1, Attach. 1, Compl.)

Plaintiff Blong Vang testified at his deposition that he purchased two tires from John's Auto and that the tires were placed on the front axle of his van. (ECF No. 45, Lawrence Aff. Ex. 2, Blong Vang. Dep.) Blong Vang testified that when he purchased the tires he looked at the outside and inside of the tires and didn't see any markings on the tire in a color other than black. *Id.* He then watched while the tires were placed on the front of his van. (ECF No. 49, Stich Aff. Ex. D, Blong Vang Dep.) Blong Vang testified that these were the first tires he had replaced since he acquired the van. *Id.* Blong Vang further testified that at no point after he purchased the tires from John's Auto did he move or replace any tires on his van. (ECF No. 49, Ex. 2.)

The parties conducted a tire inspection, pursuant to an Order of the Special Master in the case, that was held on February 28, March 1, and March 2, 2011. (ECF No. 49, Stich Aff. ¶ 9.) During the inspection, it was revealed that the two tires which had been mounted on the left side of Plaintiff's van contained the marking "JAP" on the inside. (*Id.* at ¶ 11.) The Subject Tire, which was mounted on the right-front of Plaintiffs' van, did not contain the "JAP" marking. *Id.* John's Auto stated in answers to Plaintiff's interrogatories that in 2006, its practice was to write the letters

---

petition for removal. *Quinn v. Oewen Fed. Bank FSB*, 470 F.3d 1240, 1248 (8th Cir. 2006) ("[J]urisdiction is determined at the time of removal."); *Masepohl v. Am. Tobacco Co., Inc.*, 974 F.Supp 1245, 1249 (D.Minn. 1997) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)) ("Subsequent amendment of a complaint cannot defeat removal."). Therefore, the Court will consider Plaintiffs' original complaint in evaluating Plaintiffs' motion for remand.

"JAP" on the interior of the used tires it sold. (ECF No. 49, Stich Aff. Ex. B at 6.)

Subsequent to the inspection, on March 9, 2011, counsel for John's Auto sent an affidavit by John's Auto CEO Mark Hortman to Plaintiff's counsel. (ECF No. 49 at ¶¶ 14-15.) In the affidavit, Mr. Hortman summarizes the findings of the tire inspection, including the fact that John's Auto's "JAP" marking was found inside the two tires on the left side of Plaintiff's van, and was not found inside the Subject Tire on the right-front of Plaintiff's van. (ECF No. 49, Stich Aff. Ex. C.) Based on this information, Mr. Hortman concludes that only the two left side tires were purchased from John's Auto, and that "the subject Cooper tire which allegedly failed was not a tire purchased from John's Auto." *Id.* Counsel for John's Auto requested that, in light of the inspection and the Hortman Affidavit, Plaintiffs voluntarily dismiss John's Auto as a defendant. (ECF No. 49 at ¶ 14.) Plaintiffs declined to voluntarily dismiss John's Auto. (*Id.* at ¶ 15.)

Also on March 9, 2011, Cooper Tire removed the action to federal court. (ECF No. 1.) In the Notice of Removal, Cooper Tire asserts that because all of Plaintiffs' claims against John's Auto necessarily fail in light of the evidence revealed at the tire inspection, the action is removable under the doctrine of fraudulent joinder. (ECF No. 1, Notice of Removal at 3.) Cooper Tire asserts that Plaintiffs added a sham negligence claim against John's Auto in order to defeat diversity jurisdiction, and therefore John's Auto's Minnesota citizenship should be disregarded for purposes of assessing the propriety of removal. (*Id.* at 4.) Plaintiffs now move to remand.

## II. LEGAL ANALYSIS

### A. Legal Standard on Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district

3

court of the United States for the district and division embracing the place where such action is pending." If jurisdiction is based on diversity, the action can only be removed if complete diversity exists and "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1332; 28 U.S.C. § 1441(b). A case which, as "stated by the initial pleading is not removable" because of, for instance, absence of complete diversity among the parties, may be removed if "a notice of removal [is] filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Pursuant to 28 U.S.C. § 1447(c), a party opposing removal may bring a motion requesting that the federal court remand the case back to state court. The district court shall remand the case back to state court if it determines that (1) the court lacks subject matter jurisdiction, or (2) the party opposing removal makes a motion based on a defect other than lack of jurisdiction. 28 U.S.C. § 1447(c) (2000); *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 707 (2005). On a motion to remand, the party seeking removal and opposing remand bears the burden of demonstrating that the action was properly removed and that federal subject matter jurisdiction exists for the action. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir.1993). The district court is "required to resolve all doubts about federal jurisdiction in favor of remand." *Id*.

      **B.    Because John's Auto was not fraudulently joined, this action was improperly removed and remand is appropriate.**

It is undisputed that diversity jurisdiction did not exist at the time this case was commenced in state court. Plaintiffs and Defendant John's Auto are all citizens of Minnesota. (Compl. ¶¶ 1-3, 5.) Complete diversity of citizenship, which is a prerequisite to federal jurisdiction under § 1332(a),

is therefore lacking. Defendants assert that the action was properly removed despite John's Auto's presence under the doctrine of fraudulent joinder.

Under the doctrine of fraudulent joinder, joinder of a party that is designed solely to deprive federal courts of jurisdiction is deemed fraudulent and does not prevent removal. *Anderson v. Home Insurance Co.*, 724 F.2d 82, 84 (8th Cir.1983) (citing *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir.1979)). Joinder of an in-state defendant is fraudulent "when there exists no reasonable basis in fact and law supporting a claim against [that] defendant." *Filla v. Norfolks S. Ry.*, 336 F.3d 806, 810 (8th Cir. 2003). A finding of fraudulent joinder does not require a finding of fraudulent intent; rather, fraudulent joinder exists if, whatever the plaintiffs' motive, their claim against an in-state defendant has no chance of success. *Schwenn v. Sears, Roebuck & Co.*, 822 F.Supp. 1453, 1455 (D.Minn.1993) (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992)).

The burden of establishing that a party has been fraudulently joined is on the defendants. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), cert. denied, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991). A court must remand to state court if "there is even a possibility" that the plaintiff has stated a colorable cause of action against the in-state defendant. *Banbury v. Omnitrition Int'l, Inc.*, 818 F.Supp. 276, 280 (D.Minn.1993) (quoting *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990)). Thus, Defendants must demonstrate to this Court that there is no possibility that Plaintiffs have stated a colorable claim against John's Auto.

All of Plaintiffs' claims against John's Auto are premised on the fact the John's Auto sold the Subject Tire to Plaintiffs. (Compl. ¶¶ 8, 9, 11, 16, 18, 21.) Defendants argue that the evidence conclusively proves that John's Auto did not sell the Subject Tire, and therefore all of Plaintiffs'

claims against John's Auto necessarily fail. Defendants argue that John's Auto cannot possibly have sold the Subject Tire to Plaintiffs based on three facts. First, John's Auto has the policy of always marking used tires it sells with the marking "JAP." Second, Plaintiff Blong Vang testified that he purchased two tires from John's Auto. Third, the tire inspection revealed two tires from Plaintiff's van contained the John's Auto "JAP" marking, but those tires were mounted on the left side of the van, and not on the right front. Defendants argue that these facts conclusively establish that John's Auto sold Plaintiffs the two tires on the left side of the vehicle, and not the Subject Tire. Defendants argue that because there is no factual support for Plaintiffs' claims against John's Auto, John's Auto has been fraudulently joined.

However, the Court finds that whether John's Auto sold the Subject Tire to Plaintiffs is a disputed fact, not a fact that has been conclusively proven. Plaintiff Blong Vang testified that he purchased two tires from John's Auto, that he watched as those tires were installed on the front of his vehicle, and that he did not move those tires between the time of installation and the accident. (ECF No. 49, Ex. 2, Blong Vang Dep.) This testimony constitutes evidence that John's Auto sold Plaintiffs the subject tire. Plaintiffs argue that the fact the two left tires were purchased at John's Auto does not prove that the right-front tire was not also purchased at Johns' Auto. It is possible that a prior owner of Plaintiffs' van purchased the left rear tire from John's Auto and Plaintiff purchased the front two tires as he testified.

The Court finds that there is a disputed issue of fact for trial as to whether John's Auto sold the subject tire. Plaintiffs testified that they purchased the Subject Tire at John's Auto, and Defendants dispute this testimony based on evidence from the tire inspection. Because Defendants have not proven that Plaintiffs have no chance of success on their claims against John's Auto,

Defendants have failed to meet their burden to establish fraudulent joinder. In the absence of a finding of fraudulent joinder, no complete diversity exists in this action and this Court lacks subject matter jurisdiction. Plaintiffs' motion to remand should be granted.

### C. Plaintiffs are not entitled to an award of costs and fees resulting from the removal proceedings.

Plaintiffs seek an award of costs and fees incurred pursuant to removal proceedings. Section 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court held in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." While this Court finds that John's Auto was not fraudulently joined, the Court does not find Cooper Tire's basis for removal to be objectively unreasonable. It appears that Cooper Tire removed based upon its good faith reading of Eighth Circuit precedent regarding fraudulent joinder. Therefore, Plaintiffs' request for costs and fees should be denied.

## III. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiffs' Motion to Remand [#18] be **GRANTED,** and the action be remanded to Hennepin County District Court; and

2. To the extent Plaintiffs seek an award of attorney's fees and expenses resulting from the removal proceeding, the motion be **DENIED.**

## IV. ORDER

Based upon the foregoing recommendation, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Cooper Tire's Motion to Enforce Discovery Agreement (ECF No.

74), John's Auto's Motion for Protective Order (ECF No. 79), Plaintiffs' Motion for Leave to Compensate Widnesses (ECF No. 86), and Plaintiffs' Motion to De-Designate Confidential Status of Depositions (ECF No. 90) are **DENIED without prejudice**.  In light of this Court's determination that it lacks subject matter jurisdiction over this action, these motions should be decided by the Hennepin County District Court upon remand.  The hearing in this matter scheduled for June 20, 2011 at 11:00 a.m. is cancelled.


DATED: June 10, 2011.                                *s/ Franklin L. Noel*
                                                                          FRANKLIN L. NOEL
                                                                          United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 24, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **June 24 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.